1

2

3

4

5            UNITED STATES DISTRICT COURT

6            EASTERN DISTRICT OF WASHINGTON

7    LEILA ANNE HUCKABA,

                                                    NO:  2:15-CV-0281-TOR
8                          Plaintiff,

                                                    ORDER GRANTING DEFENDANT'S
9          v.                                        MOTION FOR SUMMARY
                                                     JUDGMENT
10   CAROLYN W. COLVIN, Acting
     Commissioner of Social Security,

11
                           Defendant.
12

13          BEFORE THE COURT are the parties' cross-motions for summary

14   judgment.  ECF Nos. 14, 16.  This matter was submitted for consideration without

15   oral argument.  The Court has reviewed the administrative record and the parties'

16   completed briefing, and is fully informed.  For the reasons discussed below, the

17   Court denies Plaintiff's motion and grants Defendant's motion.

18                              **JURISDICTION**

19          The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

20

     ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

# STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under §405(g) is limited:  the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion."  *Id.* at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless."  *Id.*  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."  *Id.* at 1115 (quotation and citation omitted).  The

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b); 416.920(b).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c); 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work").  20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f); 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience.  *Id.*  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1).  If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above.  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009).  If the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

analysis proceeds to step five, the burden shifts to the Commissioner to establish

that (1) the claimant is capable of performing other work; and (2) such work

"exists in significant numbers in the national economy."  20 C.F.R. §§

404.1560(c); 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ FINDINGS

Plaintiff filed an application for disability insurance benefits and

supplemental security income, dated March 9, 2012, alleging a disability onset date

of January 1, 2012.  Tr. 184-90.  Plaintiff's claims were denied initially, and upon

reconsideration.  Tr. 79-98, 101-24.  Plaintiff requested a hearing before an ALJ,

Tr. 150, which was held on April 22, 2014.  Tr. 46-75.  On April 29, 2014, the ALJ

rendered a decision denying Plaintiff's claims.  Tr. 21-33.

At step one, the ALJ found that Plaintiff had not engaged in substantial

gainful activity since January 1, 2012, the alleged onset date.  Tr. 23.  At step two,

the ALJ found that Plaintiff had the following severe impairments: cervical and

lumbar spondylosis; mild cervicalgia and lumbago; depressive disorder; and mild

anxiety.  At step three, the ALJ found that Plaintiff does not have an impairment or

combination of impairments that meets or medically equals a listed impairment.

Tr. 24.  The ALJ then concluded that Plaintiff had the residual functional capacity

to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can occasionally lift up to 20 pounds, frequently, lift up to 10 pounds, stand or walk for about 6 hours in an 8-hour day,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

and sit for about 6 hours in an 8-hour day. The claimant has no limitation in pulling or pushing within the above limitations, can frequently climb ramps and stairs, and can occasionally stoop or climb ladders, ropes, and scaffolds. The claimant should avoid concentrated exposure to extreme cold, excessive vibration, unprotected heights, and the use of moving machinery. The claimant can perform simple routine tasks, and well-learned complex tasks. The claimant can maintain concentration and pace for two-hour segments, but should have only superficial interactions with coworkers, supervisors, and the general public.

Tr. 26. At step four, the ALJ found Plaintiff is able to perform past relevant work. Tr. 31. At step five, the ALJ found that, in the alternative, considering Plaintiff's age, education, work experience, and residual functioning capacity, there are other jobs existing in significant numbers in the national economy that the claimant can also perform, such as housekeeper, cleaner, production assembler, document preparer, or cashier. Tr. 32-33. On that basis, the ALJ concluded that Plaintiff was not disabled as defined in the Social Security Act. Tr. 33.

On August 12, 2015, the Appeals Council denied Plaintiff's request for review, TR. 1-4, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability benefits and supplemental security income under Titles II and XVI of

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

the Social Security Act.  ECF No. 14.  Plaintiff raises the following two issues for

review:

    1.   Whether the ALJ properly discounted Plaintiff's credibility;

    2.  Whether the ALJ properly weighed and considered the opinions of Dr.

        Salina and Comrie.

ECF No. 14.  The Court evaluates each issue in turn.

**DISCUSSION**

**A.    Adverse Credibility Finding**

First, Plaintiff contends the ALJ improperly conducted an adverse credibility

analysis.  ECF 14 at 11.  In support Plaintiff asserts that (1) her physical and

mental symptoms were not inconsistent with objective medical evidence; (2) the

ALJ finding that Plaintiff's mental symptoms were well-managed with medication

is not supported by the record; and (3) the ALJ finding that Plaintiff's mental

symptoms were situational rather than related to her functioning is not supported

by the record.  *Id.* at 12.

An ALJ engages in a two-step analysis to determine whether a claimant's

testimony regarding subjective pain or symptoms is credible.  "First, the ALJ must

determine whether there is objective medical evidence of an underlying

impairment which could reasonably be expected to produce the pain or other

symptoms alleged."  *Molina*, 674 F.3d at 1112 (internal quotation marks omitted).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

1    "The claimant is not required to show that her impairment could reasonably be

2    expected to cause the severity of the symptom she has alleged; she need only show

3    that it could reasonably have caused some degree of the symptom." *Vasquez v.*

4    *Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

5         Second, "[i]f the claimant meets the first test and there is no evidence of

6    malingering, the ALJ can only reject the claimant's testimony about the severity of

7    the symptoms if she gives 'specific, clear and convincing reasons' for the

8    rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting

9    *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)).  "General findings are

10   insufficient; rather, the ALJ must identify what testimony is not credible and what

11   evidence undermines the claimant's complaints." *Id.* (quoting *Lester v. Chater*, 81

12   F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir.

13   2002) ("[T]he ALJ must make a credibility determination with findings sufficiently

14   specific to permit the court to conclude that the ALJ did not arbitrarily discredit

15   claimant's testimony.").  "The clear and convincing [evidence] standard is the most

16   demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995,

17   1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920,

18   924 (9th Cir. 2002)).

19        Here, the ALJ found Plaintiff's "medically determinable impairments could

20   reasonably be expected to cause the alleged symptoms; however, the [Plaintiff's]

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." Tr. 27. Because there is no evidence of malingering in this case, the Court must determine whether the ALJ provided specific, clear, and convincing reasons not to credit Plaintiff's testimony regarding the limiting effect of her symptoms. *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012).

This Court finds the ALJ provided specific, clear, and convincing reasons for finding Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms not entirely credible—specifically, the medical evidence did not support the degree of physical and mental limitation alleged by Plaintiff. Tr. 27.

As for her physical limitations, Plaintiff contends the ALJ erred as evidenced by the single notation in an April 8, 2013 medical record showing "SLR 80 degrees bilateral." ECF No. 14 at 12 (citing Tr. 363). Concerning this record, the ALJ found

> Marjorie Humphrey, PA-C, wrote that the claimant presented on April 8, 2013, with complaints of persistent pain symptoms in her hack without radiation. Ex. 10F/4. The claimant reported that her symptoms were relieved through rest and medication. On examination, the claimant had fairly good range of motion, with positive straight leg raising to 80 degrees bilaterally, and with very little pain responses while distracted. Ex. 10F/6. Ms. Humphrey found no motor weakness, intact balance and gait, no sensory loss, and normal strength in the bilateral lower extremities.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

Tr. 29.  The ALJ found the medical evidence did not support the degree of *physical* limitation alleged by Plaintiff.  The ALJ set out, in detail, the medical evidence regarding Plaintiff's physical impairments, *see* Tr. 24-29, and ultimately concluded that the medical record did not support Plaintiff's allegedly debilitating impairments and associated limitations.  Tr. 27.  The one positive straight leg raising test, in context with the entire report, does not show the ALJ erred in his finding.

Next, Plaintiff contends the ALJ erred because "Dr. Comrie found mental impairments, which the VE testified were preclusive of gainful employment." ECF No. 14 at 12.  The ALJ set out, in detail, the medical evidence regarding Plaintiff's impairments, *see* Tr. 24-29, and ultimately concluded that her allegations were inconsistent with the medical evidence.  Specifically with regards to Dr. Comrie, the ALJ found:

> On July 12, 2012, State Agency Medical Consultant Matthew Comrie, PsyD, reviewed the medical evidence of record and prepared a mental residual functional capacity assessment of the claimant's functional ability. Ex. 4A/9. Dr. Comrie wrote that the claimant was able to understand, remember, and follow short simple tasks, as well as maintain adequate concentration to perform those tasks. Dr. Comrie wrote that the claimant could work with others on a superficial basis. Dr. Comrie is a medical expert whose opinions are based on the evidence rather than the claimant's subjective complaints. Dr. Comrie's opinion regarding the claimant's ability to perform simple routine tasks with adequate concentration is consistent with the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

treatment record, including the claimant's demonstrated ability to maintaining concentration, persistence, and pace during the consultative examination with Dr. Everhart, and Dr. Everhart's conclusions regarding the same. Based on the foregoing, the undersigned affords significant weight to this opinion. Dr. Comrie's opinions regarding the claimant's functional abilities support the residual functional capacity's provisions regarding the same.

Tr. 30-31.  Moreover, the ALJ found that State Agency Medical Consultant Dr. Alex Fisher's (PhD) opinion was consistent with the record including the opinions of other medical experts such as Drs. Everhart and Comrie.  The ALJ also observed that Dr. Fisher found:

> [C]laimant was able to understand, remember, and follow simple and semi complex tasks, consistent with the claimant's demonstrated results on Wide Range Achievement Test, Third Edition (WRAT) testing. Dr. Fisher wrote that the claimant was able to maintain concentration, persistence, and pace for routine tasks as well as some well-learned, semi-complex tasks, and could tolerate working with others on a superficial basis. Ex. 8A/10. Dr. Fisher is a medical expert whose opinion that the claimant remained able to perform simple routine tasks is based on the evidence rather than the claimant's subjective complaints. Dr. Fisher's opinions are consistent with the record, including the opinions of other medical experts such as Drs. Everhart and Comrie. Based on the foregoing, the undersigned affords great weight to this opinion. Dr. Fisher's opinions regarding the claimant's functional abilities support the residual functional capacity's provisions regarding the claimant's ability to perform simple routine tasks as well as some well-learned complex tasks, subject to the limitation on only superficial interactions with coworkers and supervisors and the general public.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

Tr. 31.  Thus, the ALJ set forth Plaintiff's limitations in his RFC finding which were supported by the experts, but not those which were exaggerated by the Plaintiff.  No error has been shown.

Next, Plaintiff contends that the ALJ erred by finding that her mental symptoms were well-managed with medication when Dr. Comrie found that even with medication Plaintiff continued to have symptoms that resulted in mental impairments.  ECF No. 14 at 12 (citing to Tr. 97).  Dr. Comrie made no such finding.  *See* Tr. 89-98.  Furthermore, the ALJ specifically found that Plaintiff's mental health symptoms were well-managed with medication since the alleged onset date, and, additionally, that her symptoms did not persist to a significant degree despite her cessation of treatment and her prescribed medication.  Tr. 28. No error has been shown.

Next, Plaintiff contends the ALJ's finding that her mental symptoms were situational rather than related to her functioning is not supported by the record. ECF No. 14 at 12.  Treatment notes reflected familial stressors and problems unrelated to Plaintiff's actual functioning.  Tr. 28.  Moreover, Plaintiff reported that on February 21, 2013, she "had not been taking any prescribed medication, and endorsed feeling well."  Tr. 28.  While "it is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment," an ALJ may rely on examples of "broader development" of improvement when

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

1  finding a claimant's testimony not credible. *Garrison*, 759 F.3d 1017-18 ("While

2  ALJs obviously must rely on examples to show why they do not believe that a

3  claimant is credible, the data points they choose must in fact constitute examples of

4  a broader development to satisfy the applicable 'clear and convincing' standard.").

5          Plaintiff makes no argument that the ALJ's chosen examples from the record

6  evidencing improvement with treatment do not demonstrate broader improvement.

7  Further, while the failure to seek mental health treatment may not be a legitimate

8  basis to reject a claimant's symptom claims, *see Nguyen v. Chater*, 100 F.3d 1462,

9  1465 (9th Cir. 1996), the lack of credible evidence in the record corroborating the

10  extent of mental health limitations can be, *see Molina*, 674 F.3d at 1113-14.

11          Plaintiff has not shown the challenged and all the unchallenged

12  inconsistencies between the Plaintiff's alleged physical and mental limitations and

13  the medical evidence do not provide a valid reason for discounting Plaintiff's

14  credibility.  *See Thomas,* 278 F.3d at 958; *see also Rollins v. Massanari,* 261 F.3d

15  853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on

16  the sole ground that it is not fully corroborated by objective medical evidence, the

17  medical evidence is still a relevant factor in determining the severity of the

18  claimant's pain and its disabling effects.").  Accordingly, this Court finds no error.

19  //

20  //

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

**B.    Medical Opinion Evidence**

Plaintiff faults the ALJ for improperly considering the medical opinion evidence in determining Plaintiff's residual functioning capacity.  ECF No. 14 at 14-15.  Specifically, Plaintiff asks this Court to consider the ALJ's evaluation of the opinions of Dr. Salina and fully accept the opinions of Dr. Comrie.  *Id.*

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (nonexamining or reviewing physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (brackets omitted). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Id.*  "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester*, 81 F.3d at 830-31).

Although the contrary opinion of a non-examining medical expert does not alone constitute a specific, legitimate reason for rejecting a treating or examining physician's opinion, it may constitute substantial evidence when it is consistent with other independent evidence in the record. *Tonapetyan v. Halter,* 242 F.3d 1144, 1149 (9th Cir. 2001) (citing *Magallanes v. Bowen,* 881 F.2d 747, 752 (9th Cir. 1989)).

### 1. Dr. Salina

This Court finds the ALJ properly considered the opinion of Dr. Salina in determining the residual functional capacity assessment. As Plaintiff concedes, ECF No. 14 at 15, if contradicted by another doctor's opinion, the ALJ need only have provided "specific and legitimate" reasoning for rejecting Dr. Salina's opinion regarding Plaintiff's physical functioning. *See Bayliss*, 427 F.3d at 1216.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16

The ALJ correctly notes the record does not indicate that Dr. Salina himself examined or treated Plaintiff.  Tr. 30; 347-57.  The only statement rendered by Dr. Salina is "Without doing an impairment evaluation, it is my opinion that [Plaintiff] would be more suited for sedentary work."  Tr. 389.  This statement fits the very definition of "brief, conclusory, and inadequately supported by clinical findings," and the ALJ need not accept Dr. Salina's opinion.  *Bray*, 554 F.3d at 1228. Accordingly, this Court finds the ALJ provided a specific and legitimate reason for affording Dr. Salina's opinion only limited weight.

### 2.  Dr. Comrie

This Court finds the ALJ properly considered Dr. Comrie's opinion in creating the residual functional capacity assessment.  Although Plaintiff asserts that the ALJ failed to properly incorporate Dr. Comrie's opinion, this assertion is belied by the ALJ's opinion.  The ALJ afforded "significant weight" to the opinion of Dr. Comrie, a fact that Plaintiff did not contest.  ECF No. 18 at 4.  Interestingly, Dr. Comrie noted:

> A finding about the capacity for [Past Relevant Work] has not been made.  However, this information is not material because all potentially applicable Medical-Vocational Guidelines would direct a finding of "not disabled" given the individual's age, education, and RFC.  Therefore, the individual can adjust to other levels.

Tr.  97.  Moreover, the ALJ found Dr. Comrie's opinion regarding Plaintiff's mental impairments remained consistent with those of Dr. Everhart, an examining

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17

physician.  Tr. 31.  The ALJ properly accounted for this opinion by limiting

Plaintiff's RFC to "simple routine tasks, and well-learned complex tasks," *see* Tr.

26, as well as tasks where Plaintiff "can maintain concentration and pace for two-

hour segments, but should only have superficial interactions with coworkers,

supervisors, and the general public."  Tr. 26.

      Plaintiff further contends that, through Dr. Comrie's opinion, the VE

"determined that [Plaintiff] was incapable of sustaining gainful employment."

ECF No. 18 at 4.  This Court disagrees.  The VE made such determination after

Plaintiff's counsel added additional restrictions to the hypotheticals posed by the

ALJ.  Tr. 74-75.  On cross-examination by Plaintiff, the vocational expert admitted

that under such restrictions the Plaintiff would not be able to work in any capacity.

Tr.  74.  Specifically, if Plaintiff was moderately limited in carrying out detailed

instructions, maintain attention and concentration for extended periods, working

with others without being distracted by them, and getting along with coworkers

and peers.  Tr. 73.  Plaintiff's counsel added a further restriction on the term

"moderate," quantifying it as "up to one-third of an eight hour workday."  Tr. 74.

Indeed, Plaintiff only cites to Dr. Comrie as supporting this determination.  *See*

ECF No. 14 at 15-16.  But, the ALJ incorporated the findings of Dr. Comrie,

among other doctors, in determining Plaintiff's residual functional capacity.  ECF

No. 16 at 14-15.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18

An ALJ may exclude restrictions in a hypothetical that are unsupported by the record or discredited as unreliable. *See Osenbrock v. Apfel,* 240 F.3d 1157, 1162–63 (9th Cir. 2001).  Accordingly, the ALJ properly considered Dr. Comrie's opinion along with all the other evidence in the record.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**.

2.  Defendant's Motion for Summary Judgment (ECF No. 16) is **GRANTED.**

The District Court Executive is hereby directed to file this Order, enter Judgment for Defendant, provide copies to counsel, and **CLOSE** the file.

**DATED** September 9, 2016.



                        THOMAS O. RICE
                Chief United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 19